1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

UNITED STATES OF AMERICA,                        CASE NO.  1:10-CR-00379-AWI-1

12                              Plaintiff,          ORDER GRANTING DEFENDANT'S MOTION
                                                    PURSUANT TO TITLE 18 U.S.C. §  3582(c)(2)
13               v.

14    GUILLERMO DIAZ,

15                              Defendant.

16

17          The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his

18    sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity

19    Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking

20    offenses.  The Government does not oppose the motion.  For the following reasons, the Court will grant

21    the motion.

22          "Section 3582(c)(2) authorizes district courts to modify an imposed 'in the case of a defendant

23    who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently

24    been lowered by the Sentencing Commission.'"  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir.

25    2013) (quoting 18 U.S.C. § 3582(c)(2)). A reduction pursuant to Section 3582(c) is a two-step inquiry.

26    *Dunn*, 728 F.3d at 1155 (citing *Dillon v. United States*, 560 U.S. 817, 825-826 (2010)). First, the court

27    must determine whether the defendant is eligible for a modified sentence pursuant to USSG § 1B1.10.

28    *Dunn*, 728 F.3d at 155. If the first question is answered in the affirmative, the court must consider the

1

applicable § 3553(a) factors to determine whether a reduction is warranted under the circumstances of the case. *Dunn*, 728 F.3d at 1155.

As to the first step, effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.  *See* USSG § 1B1.10(d); 79 Fed. Reg. 44,973. In determining whether to grant a reduction pursuant to Section 3582(c)(2) the court substitutes only the amendments authorized for retroactive application and leaves all other guidelines unaffected. USSG § 1B1.10(b)(1). Any reduction granted must become effective no sooner than November 1, 2015. *See* USSG § 1B1.10(e).

On July 7, 2011, Defendant entered into a plea agreement with the government wherein he agreed to plead guilty to two counts of use of a communication facility to facilitate a drug felony, in violation of 21 U.S.C. § 843(b). Doc. 76. Pursuant to USSG § 2D1.6(a), the base offense level was calculated based on the offense level of the underlying offense. Defendant acknowledged that the drug quantity attributable to defendant was 437.5 kilograms of marijuana. Using the Drug Quantity Table at USSG § 2D1.1(c)(6) (2010), the Court determined that the defendant's base offense level was 28. The Court then applied a three-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and (b), for a total offense level of 25. The defendant's criminal history category was III. The resulting Guideline Range was 70 to 87 months. On October 3, 2011, the Court imposed a term of 48 months as to the first count and a term of 22 months as to the second count, to be served consecutively for a total term of imprisonment of 70 months. Doc. 84 at 2.

The sentencing range applicable to the defendant has subsequently been lowered by the United States Sentencing Commission in Amendment 782, made retroactive on July 18, 2014, see 79 Fed. Reg. 44,973, with an effective date of any such reduction as of November 1, 2015.  The defendant's base offense level has been lowered from 28 to 26. *See* USSG § 2D1.1(c)(7). Leaving all other guidelines unaffected, i.e. applying a three-level reduction for acceptance of responsibility, the defendant's total offense level is lowered from 25 to 23. *See* USSG § 1B1.10(b)(1). The amended guideline range is 57 to 71 months. Accordingly, the first step of the Section 3582(c)(2) inquiry is met; the defendant is eligible for a modified sentence.

As to the second step, this Court has considered the Section 3553(a) factors and, for the same reasons that it ordered a sentence at the low end of the Guideline Range at the defendant's sentencing on August 27, 2012, the Court finds that the Section 3553(a) factors support a sentence at the low end of the amended guideline range. Accordingly, the defendant's motion for reduction of sentence will be granted.

IT IS HEREBY ORDERED that the term of imprisonment imposed on October 3, 2011, reflected in the judgment dated October 7, 2011, is reduced to a term of 57 months, effective as of November 1, 2015.  If this sentence is less than the amount of time the defendant has already served as of November 1, 2015, the sentence is reduced to a time served sentence.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect.  The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence, an effective date of the amended judgment as November 1, 2015, and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, the defendant shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:   May 4, 2015   

_____
SENIOR  DISTRICT  JUDGE

3